**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MEJUAN STEPHENS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-01299-DB** |
| | § | |
| **TODD BLANCHE,** *et al.*, | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the above-captioned case. On May 7, 2026, Petitioner Mejuan[1] Stephens filed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," ECF No. 3. On May 12, 2026, Respondents filed a response. ECF No. 6. Petitioner is a citizen of Jamaica, who entered the United States in 2016. ECF No. 3 at 3. Petitioner received Lawful Permanent Residence in 2019. *Id.* Due to a state firearm theft conviction, Petitioner was placed into removal proceedings on October 2, 2024. ECF No. 13 at 2. On April 7, 2025, the immigration judge issued a summary denial of a request for a bond hearing for lack of jurisdiction and noted Petitioner is subject to mandatory detention. ECF No. 6-3 at 3. On March 31, 2026, an immigration judge ordered Petitioner removed. ECF No. 13 at 2. On April 14, 2026, Petitioner appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"). ECF No. 3 at 4. Petitioner alleges his detention without further individualized justification has become unreasonably prolonged in violation of his Fifth Amendment due process rights. ECF No. 3 at 5;

---

[1] In his Reply, ECF No. 13, Petitioner notes that the correct spelling of his name is "Mejaun" rather than "Mejuan." However, because the incorrect spelling is reflected throughout Petitioner's A-File, *see* ECF Nos. 6-1–6-3, the Court will continue to use the incorrect spelling for consistency.

ECF No. 13 at 3–5. At this time, the Court requires further information before resolving the merits of the instant petition.

Accordingly, **IT IS HEREBY ORDERED** Petitioner **SHALL FILE** supplemental briefing, **by no later than September 22, 2026**, addressing the following:

- whether Petitioner's appeal of the immigration judge's order of removal remains pending;
- whether Petitioner remains detained, and if so where;
- the length of detention to which the petitioner has already been subjected;
- the likelihood of deportation;
- the potential length of the detention into the future;
- the likelihood that release will frustrate the petitioner's actual deportation; and
- the danger to the community posed by the petitioner if released.

**IT IS FURTHER ORDERED** that if Respondents wish to respond to Petitioner's supplemental briefing, they **MAY FILE** a response by **no later than September 25, 2026**,

**SIGNED** this **15th** day of **September 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**